**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 21-4701

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTE LAMONT MCMILLAN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00293-CCE-1)

───────────────

Submitted:  May 24, 2022                                    Decided:  June 17, 2022

───────────────

Before KING and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Jacob D. Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Lamont McMillan appeals from the district court's revocation of his supervised release. The district court found that McMillan violated his supervised release conditions by committing new violations of law—including possession with intent to distribute cocaine—and imposed an 18-month term of imprisonment. On appeal, McMillan contests the district court's reliance upon the police officer's testimony as to the identity of the substance as cocaine. He contends that, following the exclusion from evidence of the results of laboratory testing of the substances, the district court erred by allowing the officer to testify about the identity of the substances. He also challenges the sufficiency of the evidence supporting the determination that he possessed cocaine with the intent to distribute. Finding no error, we affirm.

A defendant at a revocation hearing has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). The parameters of this right are set forth in Fed. R. Crim. P. 32.1(b)(2)(C), which provides that a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." "[T]he district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). Here, the district court determined that the Government failed to present good cause for the unavailability of the chemist who conducted the tests on the substances seized from

2

McMillan.   The district court therefore excluded from evidence the laboratory report containing the analysis of the substances in the three baggies seized from McMillan.

McMillan argues that this reasoning also prohibits the court from relying on the testimony of the officer as to his observations and his field testing of the substances.  We disagree.  The district court excluded the laboratory report to prevent the admission of evidence without providing McMillan with the opportunity to cross-examine the proponent of the evidence.  The officer testified about the identification and field testing of the substances and McMillan had the opportunity to cross-examine the officer as to his training, experience, observations, and methods of testing.  We find no confrontation clause violation in the admission of this testimony.

McMillan also challenges the sufficiency of the evidence to prove that he possessed cocaine with the intent to distribute.  We review the district court's revocation decision for abuse of discretion and its factual findings for clear error.  *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019).  A district court need only find a supervised release violation by a preponderance of the evidence.  *Id.* at 191 (citing 18 U.S.C. § 3583(e)(3)).  Based on our review of the record, we conclude that there was sufficient evidence adduced at the revocation hearing from which the district court could conclude by a preponderance of the evidence that McMillan possessed cocaine with intent to distribute it.  *See United States v. Dolan*, 544 F.2d 1219 (4th Cir. 1976) (holding that "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identi[t]y of the substance involved in an alleged narcotics transaction").

3

Accordingly, we affirm the revocation judgment. We deny as moot McMillan's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*